## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 04-88**

**WILLIE LEWIS and HULDA LEWIS,**                                    **PLAINTIFFS,**

**v.**                            **MEMORANDUM OPINION AND ORDER**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**and KENTUCKY FREIGHTLINER TRUCKS, INC.,**          **DEFENDANTS.**

This matter is before the Court upon Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment [Docket No. 32].   The Court, having reviewed the parties' submissions to the Court as well as the record, finds that the Defendant  Experian Information Solutions, Inc. ("hereinafter "Experian") is entitled to judgment as a matter of law.

## I.    FACTS

The pertinent facts are as follows: in 1999, Plaintiff Willie Lewis purchased a truck from Defendant Kentucky Freightliner for use in his logging business.  In order to purchase the truck, Plaintiff obtained a loan through Daimler-Chrysler Financial Services of North America, LLC (hereinafter "Daimler Chrysler")  and paid off the loan sometime in 2000.   However, in June of 2000, a William A. Lewis, purchased a truck from Defendant Kentucky Freightliner.   Plaintiffs allege

that Defendant Kentucky Freightliner fraudulently used Plaintiff Willie Lewis'

good credit raring to secure financing for William A. Lewis.   William A. Lewis

ultimately defaulted on the loan and the vehicle was surrendered to Defendant

Kentucky Freightliner in August of 2000.

The Complaint alleges that at that time,  Daimler Chrysler reported William

A. Lewis' default on Plaintiff Willie Lewis' credit report through Defendant

Experian as well as two other agencies, Equifax and Trans Union Credit.

In the autumn of 2000, Plaintiffs learned that Mercedes Benz Credit was

attributing an unpaid debt to Plaintiff Willie Lewis.  The debt was associated with

Defendant Kentucky Freightliner.

The Complaint lists numerous denials of credit, both personal and

commercial, between March 2001 through 2003.

In April 2002, Plaintiffs contacted Defendant Experian to inquire about the

Kentucky Freightliner account.  Following an investigation, Defendant Experian

deleted the reference from Plaintff Willie Lewis' file.

On June 2, 2004, Plaintiffs filed their Complaint pursuant to the Fair Credit

Reporting Act, 15 U.S.C. 1681, et seq. against Experian, Kentucky Freightliner

2

Trucks, Inc. and Daimler-Chrysler Financial Services of North America, LLC.[1]

With regard to Experian, Plaintiffs allege that the single, allegedly inaccurate

tradeline on Plaintff Willie Lewis' credit report resulted in various credit denials

and caused them emotional distress.

Defendant Experian now seeks summary judgment as to the claims asserted

against it.

## II.    SUMMARY JUDGMENT STANDARD

In 1986, the United States Supreme Court set forth  the standard for

summary judgment in a trilogy of cases:   *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),  *Celotex v. Cartett*, 477 U.S.

317. 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Matsushita Electric Industrial*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Following this precedent and Fed.R.Civ.P. 56(c), the moving party is entitled to

judgment as a matter of law when "[t]he pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show that

there is no genuine issue of material fact."   Summary judgment is mandated

against a party who has failed to establish an essential element of his or her case

---

[1]    By Agreed Order entered on September 30, 2004, Daimler-Chrysler Financial
Services of North America, LLC was dismissed as party to this action [Docket No. 11].

after adequate time for discovery.  In such a situation, there is no genuine issue of

material fact as the failure to prove an essential fact renders all other facts

irrelevant.  *Celotex v. Cartett*, 477 U.S. at 322-323.

The United States Court of Appeals for the Sixth Circuit has interpreted the

United States Supreme Court's trilogy as requiring  the nonmoving party to

produce enough evidence, after having had a reasonable opportunity to conduct

discovery, so as to withstand a directed verdict motion. *Street v. J.C. Bradford &*

*Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).

## III.    ANALYSIS

Plaintiffs' allege three instances of  liability on the part of Experian: denials

of their efforts to obtain commercial credit from June 2002 through 2003, their

September 2002 attempt to refinance their personal automotive loan and the March

2002 credit denial relating to their fishing boat.

With regard to Plaintiffs' attempts to obtain equipment and working capital

for their business, they cannot maintain their claim against Defendant Experian

pursuant to the Fair Credit Reporting Act (hereinafter "FCRA").  It is well settled

that the FCRA  pertains to credit transactions for a consumer's personal use.  *See*

*e.g.  Cheatham v. McCormick*, 1996 WL 662887 at *3 (6th. Cir. 1996)(citations

omitted).  Although the actual language of the FCRA lacks crystal clarity, most

4

courts have declined to read a cause of action for denial of commercial credit into the language of the Act.   In choosing to limit the  FCRA's  application to personal credit, the United States Court of Appeals for the Sixth Circuit noted:

> Our sister circuits have rebuffed efforts, based on expansive interpretations of § 1681b, to extend the Act beyond its original purpose of consumer protection. *See Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir.1991) ("Reports used for business, commercial, or professional purposes are not within the purview of the statute"); *Ippolito*, 864 F.2d at 452 ("In enacting the FCRA, Congress sought to regulate the dissemination of information used for consumer purposes, not business purposes"); *Id*. at 451 ("Evaluating prospective franchisees ... does not fall within the definition of the term 'consumer report' "); *Matthews v. Worthen Bank & Trust Co.*, 741 F.2d 217 (8th Cir.1984) (holding that a credit report on a prospective lessee of commercial real estate was not subject to the Act).

*Id.*

Thus, the Sixth Circuit concluded, "[w]e see no reason to question the understanding of the Act reflected in these opinions." *Id.*    Following the Sixth Circuit, this Court finds that the FCRA does not apply to Plaintiffs' claims stemming from denials for commercial credit.

In their response, Plaintiffs wax poetic about the need for legal redress in this context but fail to provide any authority, statutory or otherwise, which would provide them with the relief they seek.   However, unsupported arguments are not enough to withstand a motion for summary judgment.

Given the lack of legal basis,  Plaintiffs' claim for damages relating to the denials of commercial credit fail as a matter of law.

Plaintiffs seek damages based upon two claims for the denial of personal credit.  The first relates to their application to refinance their personal automotive loan in September 2002.  Although the FCRA applies to this type of transaction, again, Plaintiffs' case falls short.  There is simply no evidence in the record that Defendant Experian had a hand in Plaintiffs' failed effort to refinance their automobile through Farm Bureau Bank.   Plaintiffs offer no evidence which demonstrates or even suggests that the Farm Bureau Bank retrieved, much less relied upon, an Experian Credit report.   To the contrary, the lender's denial letters provide a litany of valid reasons for its decision, including accurately reported

6

debts.    Without any evidence of Experian's involvement in this instance,

Plaintiffs have failed to carry their burden as to this claim.

Plaintiffs' third claim against Defendant Experian relates to the denial of

credit for a Procraft bass boat by Auto Livery.  Plaintiff Willie Lewis testified that

he applied for credit from Auto. Livery on March 5, 2002 [Docket No. 32, Exhibit

A, pg. 42].   The application was denied.  However, the following week, Auto

Livery approved Plaintiff's application for the same boat.

Defendant Experian argues that this claim is barred by the applicable statute

of limitations.  The Court agrees.  The statute of limitations in this context is two

years.  15 U.S.C. 1681.  Plaintiffs's filed their Complaint on June 2, 2004, more

than two years after Auto Livery's denial.   As such,  this claim is time barred.

Thus, Defendant Experian is entitled to judgment as a matter of law.

Finally, with regard to Plaintiffs' claim for emotional distress, the record

provides no basis for the award of damages for the same.  First, Plaintiffs have

failed to demonstrate that their alleged emotional distress resulted from the conduct

of Defendant Experian.  Further, they have proffered no evidence of medical or

psychological treatment for their alleged emotional distress.

## IV.   CONCLUSION

Based upon the foregoing, the Court finds that with regard to Plaintiffs'

7

claims against Defendant Experian, there are no genuine issues of material fact which remain to be tried and that this Defendant is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment [Docket No. 32] be **SUSTAINED**.

This April 3, 2006.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**